STOWERS, Chief Justice,
with whom WINFREE, Justice, joins, concurring in part and dissenting in part.
I disagree with this court’s resolution of the likelihood of harm issue.[1] Looking at the *562 superior court’s findings in their totality, it is clear to me that the superior court was not clearly mistaken in finding that Jude presents a substantial likelihood of harm to his daughter, given, among other things, the testimony of the daughter’s therapist (Merz), who — as this court observes in its opinion at pages 559-60 — “testified that Jude ‘has displayed a pattern of failing to understand [Dana’s] past traumas and does not understand the child’s fears and anxieties.’ ” This court's discussion at pages 559-60 buttresses the superior court’s finding on this issue.[2]
It does not matter that this testimony came from the daughter’s therapist as opposed to Drs. Blair and Lazur. Merz’s testimony is directly relevant to the issue and is compelling. Under our precedent the superi- or court is permitted to aggregate other testimony with expert testimony,[3] and the court did consider the expert testimony of Drs. Blah- and Lazur. And while one might, looking at their testimony alone, find that the likelihood of the father molesting his daughter is slight, the court is not limited to considering their testimony in isolation, nor is the likelihood of the father molesting his daughter the only consideration in determining whether there is a likelihood of harm to the daughter if she were placed with her father. The testimony of Merz addressed other serious concerns about the daughter’s problems and needs and is more than sufficient to support the trial court’s factual finding that there is a serious likelihood of harm if the daughter were placed in her father’s custody. Thus, I dissent from this court’s decision on this issue.
I concur with the remainder of this court’s opinion and believe the superior court’s order granting the long-term guardianship should be affirmed.

. "Whether a child would likely suffer serious physical or emotional harm if returned to a- parent’s custody is a question of fact.” Chloe O. v. State, Dep’t of Health & Soc. Servs., Office of Children’s Servs., 309 P.3d 850, 855 (Alaska 2013) (citing Pravat P. v. State, Dep’t of Health & Soc. Servs., Office of Children's Servs., 249 P.3d 264, 270 (Alaska 2011)). "In child in need of aid cases, 'we review the trial court’s factual findings for clear error..." Emma D. v. State, Dep’t of Health & Soc. Servs., Office of Children's Servs., 322 P.3d 842, 849 (Alaska 2014) (quoting Chloe O., 309 P.3d at 856), "We will find clear error only when a review of the entire record leaves us 'with a definite and firm conviction that the [trial court] has made a mistake.’ ” David S. v. State, Dep’t of Health & Soc. Servs., Office of Children’s Servs., 270 P.3d 767, 774 (Alaska 2012) (citing S.H. v. State, Dep’t of Health & Social Servs., Div. of Family & Youth Servs., 42 P.3d 1119, 1122 (Alaska 2002)).

. This court explains at pages 559-60 of the opinion: "The [superior] court found that Jude ... 'is neither legally nor psychologically capable of parenting [Dana],’ It found that despite Jude’s positive response to treatment, he continued to 'put[] his own needs and desires first.’ The court noted the 'narcissistic personality traits' observed by both Dr. Blair and Dr. Lazur and that Jude continued to exhibit those traits at trial. Merz’s testimony supported these findings; although she had had no direct contact with Jude, she reported that his telephone calls gave Dana 'a big increase in anxiety and uncertainty’ in part because of Jude’s failure to recognize that his promises about their future together aggravated Dana’s 'fear of the unknown.’ "

. See Diana P. v. State, Dep’t of Health & Soc. Servs., Office of Children's Servs., 355 P.3d 541, 547 (Alaska 2015) (“While ICWA requires that the evidence supporting [the finding that continued custody is likely to cause serious harm to the child] include expert testimony, it does not ... require that the expert testimony provide the sole basis for the court’s conclusion.”).